If creditors proving to a large amount shall, by writing, request that Cyrus Cadwallader act as agent of the receiver to collect any rents, and the receiver shall concur in thinking it is, under the following limitations, expedient, he may, on Cyrus Cadwallader's giving bond, properly conditioned, with sufficient continuing surety, in five thousand dollars, give him orders, never at any one time, in the whole, exceeding that amount, on particular tenants, to pay designated sums, for which, or for their application as the receiver may by writing direct, Cyrus Cadwallader, shall account weekly or oftener if required. As to the defendant, Satterthwaite, the receiver may, if he see cause, do the like on like conditions, provided that he may, in his discretion, as to this defendant, dispense with the consent of creditors if the other conditions are fulfilled. As to the defendant, Michener, I do not see, at present, any sufficient reason to make any order. As to him the application may be renewed if necessary. It would be granted now if he appeared to stand in any relation enabling him under any pretense of right to collect any of the rents. Any party may apply for directions at any time. These orders may require modification, as the case has not been developed. They will be certified to the court of bankruptcy.

The following order was then read: This case having been heard upon the application of the complainants for an injunction restraining certain defendants, until further, from collecting any rents from real estate in which the Franklin Savings Fund Society, bankrupts, have any legal or equitable interest, the court, upon consideration, grants the injunction so to restrain the defendants. Cyrus Cadwallader and Benjamin Satterthwaite, and each of them, their and each of their agents and servants. And Edwin T. Chase, Esq., is appointed receiver for the limited and special purposes defined in the court's opinion of this date.

---

KEENE (CENTRE v.). See Case No. 2,553.

KEENE v. CLARK. See Case No. 7,644.

---

## Case No. 7,641.

### KEENE v. COOPER.

[2 Cranch, C. C. 215.] [1]

Circuit Court, District of Columbia. Nov. Term, 1820.

WRIT OF INQUIRY—PLAINTIFF'S AFFIDAVIT— AMOUNT OF DAMAGES.

In executing a writ of inquiry in Alexandria, the plaintiff's own affidavit may be read in evidence of the amount of the damages.

On executing the writ of inquiry in this cause, Mr. Taylor, for plaintiff, offered in

[1] [Reported by Hon. William Cranch, Chief Judge.]

evidence, to ascertain the amount of damages, the plaintiff's own affidavit.

Mr. Swann opposed it; and said that the practice of the court was to allow it only in cases where the defendant does not contest the amount of damages.

Mr. Taylor, in reply. If the rule be not uniform and general, the plaintiff cannot know when he may safely execute his writ of inquiry. There is no appearance of defendant upon the record.

THE COURT (MORSELL, Circuit Judge, contrà,) said that the practice had been uniform in Virginia, and here, and permitted the plaintiff's affidavit to be read.

---

KEENE v. The DAVID REEVES. See Case No. 6,625.

---

## Case No. 7,642.

### KEENE v. HARRIS et al.

[3 Wash. C. C. 178.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1812.

REAL PROPERTY—TITLE BY SETTLEMENT—CLAIM UNDER ANOTHER STATE.

Under the law of Pennsylvania, the defendants, who claimed by settlement and improvement, had no title, if such settlement and improvement were made under the title of Connecticut.

The lessor of the plaintiff claimed, under a lottery warrant, dated 17th of May, 1785, the land in dispute lying on the east side of Tioga river, adjoining the New-York line, being part of the purchase made from the Indians on the 23d of October, 1784. It was surveyed in September, 1786, and a grant made for it in May, 1788. The defendants [Harris, Sheppard, and Stevens] claimed under a settlement and improvement, commenced in the latter end of the summer, or early in the autumn of 1784, by one Joseph Thomas, who, in 1793, conveyed his right to one Swift, who conveyed to Harris the part of which he is in possession. The settlement and improvement were proved, and the question of fact was, whether the original settlement and improvement were made under the Connecticut claim, to this tract of country? The evidence was very strong to establish the affirmative.

Mr. Binney, for plaintiff.

By an act of the legislature of Pennsylvania, all conveyances of land lying in the part of the state where the land in question is situated, which do not, on the face of them, acknowledge the title of Pennsylvania, are declared to be void. This acknowledgment not being made in the deeds under which the

[1] [Originally published from the MSS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]